**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Andrea Genovese, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Asset Recovery Solutions, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Andrea Genovese, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Andrea Genovese ("Plaintiff"), is an adult individual residing in Dedham, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendants Asset Recovery Solutions, LLC ("Asset"), is an Illinois business entity with an address of 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Asset Engages in Harassment and Abusive Tactics**

11. Within the last year, Asset contacted Plaintiff in an attempt to collect the Debt from Richard Cabraw (the "Debtor"), who is unknown to Plaintiff.

12. On or around December 16, 2015, Plaintiff advised Asset that she was not the Debtor, that she did not know the Debtor, and to cease all calls to her cellular telephone. Defendant stated that it had no record of prior calls to Plaintiff's number, but that it would discontinue the calls. Defendant called Plaintiff again two minutes later.

13. Asset continued calling Plaintiff in an attempt to collect the Debt despite Plaintiff's explicit instructions.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

18. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2016

                                  Respectfully submitted,

                                  By   /s/ Sergei Lemberg

                                  Sergei Lemberg (BBO# 650671)
                                  LEMBERG LAW, L.L.C.
                                  43 Danbury Road
                                  Wilton, CT 06897
                                  Telephone: (203) 653-2250
                                  Facsimile:  (203) 653-3424
                                  Attorneys for Plaintiff